UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL G. ROBINSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 1:16CV00072 SNLJ |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on a motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence by Michael G. Robinson, a person in federal custody. On June 9, 2015, Robinson pled guilty before this Court to the offense of felon in possession of a firearm and, on September 22, 2015, this Court sentenced Robinson to the Bureau of Prisons for a term of 120 months. Robinson's § 2255 motion is fully briefed and ripe for disposition.

For the reasons set forth below, this Court will deny Robinson's Petition. Robinson's conviction for Unlawful Use of a Weapon by Exhibiting is an "elements" clause violent felony and did not fall under the Armed Career Criminal Act's "residual clause" definition of a violent felony; therefore, the holding in *Johnson* does not apply. The holding of *Johnson*, invalidating the residual clause, has no bearing on Robinson's status as an Armed Career Criminal.

Furthermore, Robinson was originally sentenced on November 10, 2015, well after the decision in *Johnson* was announced in June, 2015. The holding in *Johnson* was

well known to this Court and all the attorneys before Robinson was originally sentenced. *Johnson* did not benefit Robinson at his original sentencing and does not benefit him now.

To the extent Robinson raises other challenges to the classification of his assault conviction as a violent felony, those claims are not based on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, and therefore Robinson failed to make the requisite showing under 28 U.S.C. § 2255 that he is entitled to relief under this habeas petition.

## PROCEDURAL HISTORY

### A. Underlying Conviction

On April 9, 2015, a Grand Jury in the Eastern District of Missouri, Southeastern Division, returned a one-count indictment against Michael G. Robinson, charging him with Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1). (DCD 1, Case Number 1:15 CR 00050 SNLJ) On June 9, 2015, Robinson appeared with his attorney and pled guilty to the charge made in the Indictment pursuant to a written plea agreement. (DCD 29)

Following the plea, a Presentence Investigation Report ("P.S.R.") was prepared which recommended that Robinson be classified as an Armed Career Criminal ("ACC") under 18 U.S.C. § 924(e), otherwise known as the Armed Career Criminal Act ("ACCA"). The P.S.R. recognized four convictions of Robinson's that were qualified as violent felonies or serious drug offenses that were predicate convictions requiring Robinson to be sentenced as an Armed Career Criminal. (P.S.R. ¶ 26) (". . . the defendant

has at least three prior convictions for a violent felony or serious drug offense, or both, which were committed on different occasions. (Unlawful Use of a Weapon – Exhibiting, Docket No.: 04F2-CR01034-01, Possession of a Controlled Substance With Intent to Deliver, Docket No.: 05F2-CR00119-01, and two counts of Distribution of Cocaine Base, Docket No.: 1:07CR00065JCH) Therefore, the defendant is an armed career criminal and subject to an enhanced sentence under the provisions of 18 U.S.C. § 924(e).") The PSR concluded that the Total Offense Level was 30. (P.S.R. ¶ 26-29) Robinson's Criminal History Category was IV and the resulting sentencing range was 180 months. (P.S.R. ¶ 41, 72)

Robinson was determined to be an ACC based on the following four felony convictions:

(1) Robinson was convicted on January 4, 2005, of the felony of Missouri Unlawful Use of a Weapon by Exhibiting in the Circuit Court of Pemiscot County, Missouri, in Case Number 04F2-CR01034-01. (P.S.R. ¶ 32)

(2) Robinson was convicted on March 18, 2005, of the felony of Missouri Possession of a Controlled Substance With the Intent to Deliver in the Circuit Court of Pemiscot County, Missouri, in Case Number 05F2-CR00119-01. (P.S.R. ¶ 33)

(3) Robinson was convicted on November 26, 2007, of the felony of Distribution of Cocaine Base in the United States District Court for the Eastern District of Missouri, Southeastern Division, in Case Number 1:07 CR 00065 JCH. (P.S.R. ¶ 36)

Robinson had other felony convictions, but those convictions are not relevant to any discussion of whether he is an Armed Career Criminal.

On November 10, 2015, the Government filed a Motion for a Downward Departure on the basis that Robinson had provided substantial assistance to the Government pursuant to U.S.S.G. § 5K1.1. (DCD 40) On November 10, 2015, this Court granted the Government's Motion for a Downward Departure, found Robinson to be an Armed Career Criminal and sentenced him to a term of imprisonment of 120 months. Robinson did not appeal his conviction or sentence.

**B. Previous Post-Conviction Motion.**

Robinson has not filed any previous petitions under 28 U.S.C. § 2255; therefore, this Petition is considered a "first" habeas petition.

### CURRENT CLAIM

In his current Application for Leave to File a Second Petition under 28 U.S.C. § 2255, and his amended Applications, Robinson attacks the classification of one of his convictions as a predicate violent felony under the ACCA. He claims that his conviction for Unlawful Use of a Weapon by Exhibiting is no longer a violent felony after *Johnson*. Robinson does not contest that his three serious drug offenses were ACCA predicate convictions, but this Court will discuss those in this Response. Robinson asserts that he has the right to collateral review of his ACCA sentence pursuant to the holdings of *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *Welch v. United States*, 136 S.Ct. 1257 (2016).

The problem with Robinson's request is that the holding of *Johnson* only permitted attacks on ACCA sentences that were imposed due to the application of the residual clause definition of a violent felony. All other grounds for the classification of a

prior conviction as a violent felony, such as convictions under the "elements" clause crimes or enumerated crimes, are still violent felony predicate convictions for ACCA purposes, even after the holding of *Johnson*. Likewise, serious drug offenses that were classified as ACCA predicate convictions, of which Robinson has three, are unaffected by the holding of *Johnson*. Robinson has enough serious drug offense convictions that they alone require his classification as an Armed Career Criminal. None of Robinson's predicate ACCA convictions were so classified due to the residual clause that was invalidated by *Johnson*.

## DISCUSSION

**A. Required Threshold Showing for Relief.**

A habeas petition filed by a federal prisoner must follow the requirements of 28 U.S.C. § 2255 in order to be considered. § 2255(a) permits a federal prisoner to file a habeas petition on the grounds that their sentence was "imposed in violation of the Constitution or laws of the United States, or that the Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Normally, the filing of such petitions is limited to a one-year period after the defendant was originally sentenced. 28 U.S.C. § 2255(f)(1). The Government agrees that prisoners sentenced as Armed Career Criminals under 18 U.S.C. § 924(e) may file habeas petitions under § 2255 beyond the one-year limitation period if they can demonstrate that their sentences were imposed due to the now-invalidated residual clause definition of a violent felony, pursuant to *Johnson* and *Welch*. However, as argued below, since Robinson's predicate ACCA convictions were

5

not so classified because of the residual clause, he cannot establish that his sentence was improperly imposed.

### B. *Johnson* Does Not Apply.

Robinson's Application relies on the Supreme Court's June 2015 decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause in the definition of a "violent felony" in the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B) ("ACCA"), is unconstitutionally vague. The Supreme Court held in *United States v. Welch*, 2016 WL 1551144 (U.S. Apr. 18, 2016) that the rule in *Johnson* was a substantive new rule that is retroactive on collateral review. However, Robinson's classification as an ACC does not rest on the residual clause of the ACCA. Robinson's Unlawful Use of a Weapon by Exhibiting conviction is a violent felony under the "elements" clause, a classification which is unaffected by *Johnson*. Robinson's three felony convictions for serious drug offenses that were used as ACCA predicate convictions are unaffected by *Johnson*.

Title 18, United States Code, Section § 922(g)(1) provides that a person who has been previously convicted of a felony is prohibited from possessing a firearm or ammunition that has affected interstate commerce. Any person who unlawfully possesses a firearm in violation of this section is subject to a term of imprisonment of up to ten years. 18 U.S.C. § 924(d). However, the ACCA provides that any defendant convicted in federal court of being a felon in possession of firearms and/or ammunition and who has three prior felony convictions for violent felonies and/or serious drug offenses must receive an enhanced punishment of a maximum of life and a minimum term of

imprisonment of fifteen years. 18 U.S.C. § 924(e). Robinson was sentenced under 18 U.S.C. § 924(e) after this Court determined that he had at least three prior felony convictions for violent felonies. A "violent felony" is defined as:

> (B) the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, . . . , that –
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> *(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

18 U.S.C. § 924(e)(2)(B) (emphasis furnished).

The italicized section set out above, known as the "residual clause," was invalidated by the recent holding in *Johnson v. United States*, 135 S.Ct. 2551, 2556 (2015). However, the remaining definitions of a violent felony remain viable for determining whether a defendant is an Armed Career Criminal. Those remaining sections are subsection (i), commonly referred to as the "elements" or "use-of-force" clause, and the un-italicized subsection (ii), which contains the enumerated crimes of burglary, arson extortion or involving use of explosives.

Robinson was sentenced as an Armed Career Criminal, partially because the district court found that he had a Missouri Unlawful Use of a Weapon by Exhibiting conviction that qualified as a § 924(e) predicate conviction under the still-valid elements clause, not the residual clause. *Johnson*, 135 S.Ct. at 2563. Because Robinson's contested conviction was an elements clause felony, and not a residual clause violent felony, he may not use *Johnson* to attain a second sentencing hearing. ("We hold that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates

7

the Constitution's guarantee of due process… *Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony.*") (Emphasis furnished).

The holding of *Johnson* did not invalidate Armed Career Criminal sentences that were based on the elements clause or the enumerated crimes section. The fact that the residual clause is unconstitutionally vague does not affect the validity of the classification of Robinson's unlawful use of a weapon conviction as a violent felony.

Robinson appears to contend that the holding of *Johnson* provides successive collateral review of all Armed Career Criminal sentences and a review of their underlying conviction documents, which is not the case. Only those cases where defendants can demonstrate that one of their three predicate violent felony convictions was found to be a violent felony under the residual clause have a proper claim under *Johnson*. Such is not the case here.

    **C.**     **Robinson's Conviction for Unlawful Use of a Weapon is Still a Violent Felony.**

In 2005, Robinson was convicted of the felony of Unlawful Use of a Weapon by Exhibiting. The P.S.R. describes Robinson's offense conduct as follows: "According to court records, on or about September 29, 2004, the defendant exhibited a Sterling 22, long rifle, semi-automatic weapon in the presence of one or more persons in an angry or threatening manner." (P.S.R. ¶ 32) That crime has specifically been held to be an elements clause violent felony in a prior decision in this Circuit. See *United States v. Pulliam*, 566 F.3d 784 (8th Cir. 2009).

8

> Under Missouri law a person commits the crime of unlawful use of
> a weapon if he knowingly exhibits, in the presence of one or more
> persons, any weapon readily capable of lethal use in an angry or
> threatening manner. Mo.Rev.Stat. § 571.030.1(4).
> . . .
> Missouri's crime of unlawful use of a weapon meets the statutory
> definition of violent felony in § 924(e)(2)(B)(i), because it involves
> the "use, attempted use, or threatened use of physical force against
> the person of another." *United States v. McDile*, 914 F.2d 1059,
> 1061-62 (8th Cir. 1990) (per curiam). Pulliam's reliance on *Begay
> v. United States* is misplaced because *Begay* analyzes the
> the circumstances under which a previous crime falls under
> § 924(e)(2)(B)(ii).

*Pulliam*, 566 F.3d at 788.

The Court in *Pulliam* recognized that Missouri Unlawful Use of a Weapon is an elements violent felony (§ 924(e)(2)(B)(i)) rather than a residual clause violent felony (§ 924(e)(2)(B)(ii).

Citing *Pulliam*, which was decided before *Johnson*, the Eighth Circuit recently held that Missouri Unlawful Use of a Weapon is a crime of violence for Guidelines purposes. See *United States v. Long*, 2016 WL 3160948, * 1 (8th Cir. June 7, 2016).

> We have reviewed the record, and we conclude that the court did not
> err in determining that the section 571.030.1(4) offense was a "crime of
> violence" under the Guidelines. See U.S. Sentencing Guidelines Manual §
> 4B1.2(a)(1) (defining "crime of violence"); *United States v. Pulliam*, 566
> F.3d 784, 788 (8th Cir.) (holding that § 571.030.1(4) "meets the statutory
> definition of violent felony in [18 U.S.C.] § 924(e)(2)(B)(i), because it
> involves the 'use, attempted use, or threatened use of physical force against
> the person of another' "), cert. denied, 558 U.S. 1035 (2009); *United States
> v. Vincent*, 575 F.3d 820, 826 (8th Cir. 2009) ("The statutory definition of
> 'violent felony' is viewed as interchangeable with the guidelines definition
> of 'crime of violence.'" (citations to quoted cases omitted)), cert. denied,
> 560 U.S. 927 (2010).

*Long*, 2016 WL 3160948, at * 1.

The decision in *Long* was announced after the holding of *Johnson* and still decided that Robinson's statute of conviction described a violent felony and a crime of violence.

The charge on which Robinson's conviction was based states as follows:

> The Prosecuting Attorney of the County of Pemiscot, State of Missouri, upon information and belief, charges that the defendant, in violation of Section 571.030 RSMo., committed the class D felony of unlawful use of a weapon, punishable upon conviction under Sections 558.011 and 560.011, RSMo., in that on or about September 29, 2004, in the County of Pemiscot, State of Missouri, the defendant knowingly exhibited, in the presence of one or more persons a Sterling 22 long rifle semi-automatic, a weapon readily capable of lethal use, in an angry or threatening manner.

This charge is clearly the same charge as was found to be an elements clause violent felony in *Pulliam* and an elements clause crime of violence in *Long*. Robinson does not state any reasons why this Circuit's decisions in *Pulliam* and/or *Long* are not still valid today.

This Circuit has already held that Missouri Unlawful Use of a Weapon by Exhibiting in an Angry or Threatening Manner is both a violent felony (for § 924(e) purposes) and a crime of violence (as defined by U.S.S.G. § 4B1.1(a)). Significantly, this crime is not a residual clause violent felony. Because it is not a residual clause violent felony, the holding of *Johnson* is simply not applicable to determine whether the conviction was misclassified.

Furthermore, Robinson was sentenced on November 10, 2015, long after the holding of *Johnson* was announced in June, 2015. This Court and Robinson's attorney actually considered the holding of *Johnson* before Robinson was sentenced the first time. This is not a case where there was an intervening case after the defendant's sentence.

10

Robinson is making the argument that a case that was decided before he was sentenced should be re-considered to affect his sentence. The holding of *Johnson* was considered at Robinson's original sentencing hearing, but it did not result in a benefit to Robinson, the same result as would happen if Robinson were to be resentenced today.

**D. Robinson's Three Serious Drug Offenses Would Make Robinson an Armed Career Criminal Even if He Had No Other Convictions.**

In addition to his violent felony conviction for Unlawful Use of a Weapon by Exhibiting, Robinson has three serious drug offense convictions that, by themselves, would make him an Armed Career Criminal. As noted earlier, a serious drug offense is a category of crimes that are also classified as ACCA predicate offenses. A serious drug offense is defined as:

> (i) an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46, for which a maximum term of imprisonment of ten years or more is prescribed by law; or
> (ii) an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law.

18 U.S.C. § 924(e)(2)(A).

Robinson has convictions under both subsections in that he has a qualifying state conviction and a qualifying federal conviction. Robinson's state conviction was set out in the P.S.R., ¶ 33. That charge was that Robinson was in Possession of a Controlled Substance With the Intent to Deliver. A copy of his conviction documents for that charge

is attached to this Response as Exhibit 2. Those documents reflect that Robinson's charge was for Possession of Marijuana With the Intent to Distribute, a class B felony, a felony that has a range of punishment of five to fifteen years in prison. RSMo. § 558.011.1(2). Marijuana is a substance that is a controlled substance under the federal Controlled Substances Act:

> Schedule I controlled substances:
> (10) Marijuana.

21 U.S.C. § 812(c)(Schedule I).

Since the maximum range of punishment for that charge exceeds ten years, and because it was a conviction for possession of a federally controlled substance with the intent to deliver, this conviction was a "serious drug offense" and is an ACCA predicate conviction.

Robinson also has two convictions for federal controlled substance offenses. The P.S.R. reflects that, on November 26, 2007, Robinson was convicted of two counts of Distribution of Cocaine Base. The P.S.R. shows that Count I of that charge occurred on August 4, 2006, and that the offense conduct for Count II occurred on August 9, 2006. Each of those convictions involved conduct occurring on "occasions separate from one another" in that the offense conduct for each occurred on a different day. Each count of the conviction counts separately as a conviction for ACCA purposes. See *United States v. Ross*, 569 F.3d 821, 823 (8th Cir. 2009) (finding that defendant's two drug sale convictions that occurred on different days counted as two separate ACCA convictions even though both were charged as different counts in the same information.)

Robinson has a total of three serious drug offenses. Just those convictions by themselves would require the classification of Robinson as an Armed Career Criminal, even without considering whether his conviction for Unlawful Use of a Weapon by Exhibiting was a violent felony. Robinson was, and still is, an Armed Career Criminal.

**CONCLUSION**

For the foregoing reasons, this Court denies Robsinson's § 2255 petition, without a hearing.

**IT IS FURTHER ORDERED** this Court will not issue a certificate of appealability because Robinson has not made a substantial showing of the denial of a federal constitutional right.

Dated this 29th day of August, 2016.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE